UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK,<br><br>*Plaintiff*,<br><br>v.<br><br>THE U.S. DEPARTMENT OF JUSTICE, TODD BLANCHE, *in his official capacity as Acting Attorney General of the Department of Justice*, THE U.S. DEPARTMENT OF HOMELAND SECURITY; MARKWAYNE MULLIN, *in his official capacity as Secretary of Homeland Security*; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID J. VENTURELLA, *in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement*;<br><br>*Defendants*. | C.A. No. __1:26-cv-1281__  (MAD/ML) |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

**INTRODUCTION**

1.      On May 27, 2026, the New York State Legislature passed a set of legislation amending New York law, designed to "protect the rights of New Yorkers with respect to civil immigration enforcement by the federal government." SB 9005-C (the "Act").

2.      The Act addresses the role of state and local entities in New York state with respect to federal civil immigration enforcement, in light of enormous overreach by Defendants in their efforts to target immigrant communities.

3.      Among the Act's provisions is a prohibition on law enforcement officers from wearing masks or other face coverings, and a prohibition on local law enforcement entering into or remaining in agreements to cooperate with federal immigration enforcement activities under section 287(g) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1357(g) ("287(g) agreements").

4.      Repeatedly, we have seen masked agents overrun cities in this country at the direction of the current federal administration. Just last October, masked agents engaged in a high profile and sudden operation on Canal Street that terrified New York City residents.[1]

5.      Some masked officers have committed grave, violent acts against protesters and immigrants, including homicides and assaults so brutal that they have caused permanent harm. When agents commit such atrocities while wearing masks, it is more difficult to identify and investigate them, and ultimately to hold them accountable if warranted.

6.      INA 287(g) agreements involve local law enforcement in the tactics of immigration agents, diverting public safety resources and harming trust in local law enforcement.

---

[1] "Chaos on Canal Street," Video Report on ABC 7 (Oct. 22, 2025), https://abc7ny.com/post/federal-agents-conducting-enforcement-illegal-vending-canal-street-nyc/18052570/.

7.    Given Defendants' arguments in other challenges to laws like the Act, it is clear that they believe the Act is an unconstitutional violation of the Supremacy Clause. But the State of New York has every right as a sovereign state to require law enforcement officers acting within the State's jurisdiction to be identifiable, and to choose not to use the State's limited law enforcement resources to assist in federal immigration enforcement.

8.    Now, despite New York's sovereign right to codify these choices legislatively, the federal government has threatened New York with legal consequences. Further, on June 9, 2026, Tom Homan, who has been designated as "border czar" within the Defendant Department of Homeland Security, promised to send a surge of ICE officers if New York enacted the Act.[2]

9.    The State is thus facing a significant and impending threat to its sovereign interests and public safety generally in New York. *See New York v. U.S. Dep't of Commerce*, 315 F. Supp. 3d 766, 782 (S.D.N.Y. 2018) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) and *Clapper*, 568 U.S. at 409, 414 n.5 (2013)).

10.    This lawsuit seeks a declaration that the Act is lawful.

## JURISDICTION AND VENUE

11.    This Court has federal question jurisdiction under 28 U.S.C. § 1331. The Court also has authority to award declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201–2202.

12.    This Court has jurisdiction under 28 U.S.C. §§ 1331 and 2201(a).

13.    An actual controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

---

[2] Trump border czar says more ICE agents may be sent to NYC: 'It's coming', NBC News, (June 6, 2026) https://www.nbcnewyork.com/news/local/trump-border-czar-threatens-to-send-more-ice-agents-to-nyc-its-coming/6510787/.

14.    Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) and (e)(1). Defendants include United States agencies and officers sued in their official capacities. Plaintiff the State of New York is a sovereign state, and a substantial part of the acts or omissions giving rise to this Complaint occurred and are continuing to occur in this District.

**PARTIES**

15.    Plaintiff the State of New York, represented by and through its Attorney General Letitia James, is a sovereign State of the United States of America. As the State's chief legal officer, the Attorney General is authorized to pursue this action.

16.    Defendant the U.S. Department of Justice is an agency within the Executive Branch of the United States Government.

17.    Defendant Todd Blanche is the Acting Attorney General of the Department of Justice. He is sued in his official capacity.

18.    The U.S. Department of Homeland Security (DHS) is an agency within the Executive Branch of the U.S. Government.

19.    Defendant Markwayne Mullin is the Secretary of Homeland Security. He is sued in his official capacity.

20.    Defendant U.S. Immigration and Customs Enforcement (ICE) is an agency within the Department of Homeland Security.

21.    Defendant David J. Venturella is the Acting Director of ICE. He is sued in his official capacity.

**FACTUAL ALLEGATIONS**

**I.    The Act and Defendants' Threats.**

22.    The New York State legislature passed the Act, which was signed into law on May 27, 2026.

23.    The Act is a lawful exercise of New York's sovereign authority to promote public safety and keep its residents safe, as well as to prevent its subdivisions from expending limited resources in a manner inconsistent with State priorities.

24.    The Law Enforcement Face Coverings law is one provision included in the Act. *See* Article 10, §§ 100 and 101. This provision prohibits law enforcement officers, defined as police officers, peace officers and federal law enforcement officers, from wearing a face covering that conceals, disguises or obscures their facial identity while interacting with the public in performance of their duties, except in limited circumstances. *Id.* § 101 (1).

25.    The law also requires law enforcement officers to identify themselves while interacting with the public in the performance of their duties, by visibly displaying their department and at least one form of identification for the officer, such as the officer's name, badge number or shield number. *Id.* § 102.

26.    The law contains exceptions for officers engaged in sensitive types of investigative activities, such as where disclosing the officer's identity could pose a security risk, or where law enforcement officers are rendering emergency aid. *Id.*

27.    The Local Cops, Local Crimes law is another provision included in the Act. *See* N.Y. Exec Law, Section 170-k.

28.    This provision prohibits localities and local law enforcement agencies from entering into agreements pursuant to section 287(g) of the INA, as codified at 8 U.S.C. § 1357(g),

or other agreements to detain individuals for federal immigration violations. *Id.* § 170-k (2)(a)(i)-(ii).

29.    It also prohibits localities from providing any financial incentive to defray the costs related to the sale, purchase, construction, development, ownership, management, or operation of an immigration detention facility, and imposes public engagement requirements on localities before they approve a zoning variance, permit, or certificate of instruction to be used for an immigration detention facility. *Id.* 170-k (3)-(4).

30.    Neither provision discriminates against federal officials or otherwise impairs their ability to lawfully engage in civil immigration enforcement.

31.    Neither provision is facially unconstitutional such that it would be unconstitutional in all possible applications.

32.    While the Act was before the legislature, Defendants made several statements criticizing several provisions of the Act, including the Law Enforcement Face Coverings law and Local Cops, Local Crimes law.[3] And there are local government officials who also appear intent on opposing the law.

33.    Two days after the Act's passage, Defendant DHS issued a statement vowing noncompliance with the Act: "State and local sanctuary politicians attempting to ban our federal law enforcement from wearing masks is despicable and a flagrant attempt to endanger our officers.

---

[3] *See*, *e.g.,* THE DAILY SIGNAL, *Trump's Border Czar Has a Smart Surprise for Sanctuary Cities Trying to Hide Criminals*, May 15, 2026 (starting at 3:30), https://www.youtube.com/watch?v=S18-vR2DS98&t=22s; FORBES BREAKING NEWS, *Tom Homan Responds To Kathy Hochul Imposing Restrictions On ICE Agents Operating In New York,* May 8, 2026, https://www.youtube.com/watch?v=KEa9I3axfEk.

To be crystal clear: we will not abide by unconstitutional bans. The Supremacy Clause makes it clear that state and local sanctuary politicians do not control federal law enforcement."[4]

34.    Defendants have refused to comply with similar laws in other states. In Connecticut, for example, masked ICE officers have been recorded wearing facial coverings in their interactions with the public and taunting protestors who remind them of the state law.[5]

35.    On June 18, 2026, Defendants, through their counsel, notified the State of New York that they intended to file a lawsuit challenging the legality of various provisions in the Act.

36.    They have now filed a suit seeking injunctive relief. *See United States v. Russo*, No. 26-cv-01283 (W.D.N.Y. June 22, 2026).

37.    To date, Defendants have sued Virginia, Connecticut, California, and the City of Philadelphia to challenge laws that similarly prohibit law enforcement officers from wearing face coverings.

38.    Earlier in June, Border Czar Homan threatened to send a surge of ICE officers if the Act were signed into law.

**II.    The State of New York Faces Harm.**

39.    The Act is lawful and not a violation of the Supremacy Clause. It is also an essential measure the State has put into place to advance critical sovereign interests. If Defendants are successful in their attempts to stop the law from taking effect—or even if they are not successful,

---

[4] Marcia Kramer, Gov. Kathy Hochul signs new laws aiming to protect New Yorkers from ICE overreach, *CBS New York*, May 29, 2026, https://www.msn.com/en-us/news/us/gov-kathy-hochul-signs-new-laws-aiming-to-protect-new-yorkers-from-ice-overreach/ar-AA24nU2q?ocid=BingNewsSerp.

[5] Emilia Otte, *ICE officers appear to be wearing masks while operating in CT*, Connecticut Mirror, https://ctmirror.org/2026/05/22/ice-officers-masks-ct-illegal/.

and simply refuse to comply with New York law—New York will be harmed in multiple ways that will cause injury to the State.

40.     The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X.

41.     Underlying these firmly recognized rights is the principle that the federal government generally may not encroach on a State's power, "sometimes termed its police power, to prescribe regulations to promote the health, peace, morals, education, and good order of the people, and to legislate so as to increase the industries of the state, develop its resources, and add to its wealth and prosperity." *Barbier v. Connolly*, 113 U.S. 27, 31 (1884).

42.     Securing and ensuring public safety within a state's borders has long been understood as within the province of state sovereignty. *See, e.g.*, *Home Bldg. & Loan Ass'n v. Blaisdell*, 290 U.S. 398, 436 (1934). Accordingly, New York's sovereign interests include the power to pass legislation to protect public safety.

43.     The Act is precisely such legislation—including through the Law Enforcement Face Coverings and Local Cops, Local Crimes provisions.

44.     The Act's provision against law enforcement officers' use of face coverings supports public safety in the State in multiple ways. As one example, the provision promotes accountability of law enforcement officers to the public when law enforcement violates rights or unlawfully commits violence against residents.[6]

---

[6] Ernesto Londoño and Mitch Smith, "ICE Agent Charged in Shooting of a Venezuelan Immigrant in Minnesota," *The New York Times* (May 18, 2026), https://www.nytimes.com/2026/05/18/us/ice-agent-charges-venezuelan-immigrant.html?unlocked_article_code=1.sFA.ao5x.YURBbPF-ugGv&smid=url-share.

45.     New York enjoys a sovereign interest in promoting transparency, and in ensuring that its residents (and all people within its borders) are able to identify law enforcement officials with whom they interact and, when relevant, are able to pursue actions against unlawful acts—including, and perhaps especially, any unlawful acts that may be perpetrated by uniformed officers.

46.     Additionally, New York has a sovereign interest in ensuring that the State's resources, including those of its subdivisions, are directed in a manner that is consistent with the priorities of the State.

47.     The Local Cops, Local Crimes provision of the Act, which disallows local law enforcement agencies from entering into agreements with Defendants pursuant to section 287(g) of the INA, is a legal exercise of the State's prerogative to preserve and direct its resources in a manner that reflects the policies of the State.

48.     Defendants' attempt to frustrate the State's ability to exercise that prerogative trespasses the State's sovereign interest in legislating within its authority.

49.     Ultimately, New York requires that the Court step in to declare the Act lawful, stopping Defendants from refusing to comply with the law and punishing New York because of the Act.

## CLAIM FOR RELIEF

### Violation of the Tenth Amendment
### (Against All Defendants)

50.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs.

51.     The Tenth Amendment provides that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." *See Printz v. United States*, 521 U.S. 898, 935 (1997).

52.    The Constitution delegated to the federal government "few and defined" powers, while "[t]he powers reserved to the several States . . . extend[ed] to all the objects which, in the ordinary course of affairs, concern the lives, liberties, and properties of the people, and the internal order, improvement, and prosperity of the State." *Gregory v. Ashcroft*, 501 U.S. 452, 458 (1991) (quoting The Federalist No. 45, pp. 292–293 (C. Rossiter ed. 1961)).

53.    As set forth above, Defendants have threatened to prevent the enforcement of the lawfully enacted Act, which was created to advance New York's sovereign prerogatives, including the protection of public safety and health within the State's borders.  New York also has a sovereign interest in regulating its own citizens consistent with its policy preferences. *Reno v. Condon*, 528 U.S. 141, 151 (2000); *United States v. California*, 921 F.3d 865, 890-91 (9th Cir. 2019).

54.    Defendants' conduct causes ongoing harm to Plaintiff and its residents.

55.    Declaratory relief setting out that the Act is lawful will clarify the rights and obligations of the parties and is therefore appropriate under 28 U.S.C. § 2201 to resolve this controversy.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

56.    Declare that the Act is a lawful exercise of New York's sovereign authority.

57.    Award Plaintiffs their reasonable fees, costs, and expenses, including attorneys' fees; and,

58.    Grant such other and further relief as the Court deems just and proper.

DATED:      June 22, 2026          Respectfully submitted,
            New York, NY


            **LETITIA JAMES**
            Attorney General of New York

            */s/ Stephen Thompson*
            RABIA MUQADDAM*
            *Chief Counsel for Federal Initiatives*
            STEPHEN C. THOMPSON, Bar No. 702100
            NATASHA KORGAONKAR*
            MORENIKE FAJANA*
            *Special Counsel*
            28 Liberty Street
            New York, NY 10005
            212-416-8883
            Rabia.Muqaddam@ag.ny.gov
            Natasha.Korgaonkar@ag.ny.gov
            Morenike.Fajana@ag.ny.gov

            *Counsel for Plaintiff State of New York*

            *\*Motion for admission pro hac vice forthcoming*